UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RAY JAMES,

                    Plaintiff,

v.                                    Case No. 3:05-cv-701-J-16TEM

STATE OF FLORIDA,
DEPARTMENT OF CORRECTIONS,

                    Defendant.

_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, an inmate of the Florida penal system who is proceeding pro se and in forma pauperis, initiated this action by filing a Civil Rights Complaint Form (Doc. #1) (hereinafter Complaint) pursuant to 42 U.S.C. § 1983 on July 25, 2005.  He names the State of Florida, Department of Corrections, as the Defendant in this action.  Plaintiff contends that he received a false disciplinary report for possession of a weapon and was wrongfully placed into close management confinement based upon this false report.  He requests the expungement of the disciplinary report from his record and the restoration of his forfeited gain-time.  He also requests to be taken from close management confinement and placed into the general prison population.  Finally, Plaintiff seeks compensatory and punitive damages.

On April 26, 1996, the President of the United States signed into law the Prison Litigation Reform Act (hereinafter PLRA).  The PLRA requires the Court to dismiss this case at any time if the

Court determines that the allegation of poverty is untrue, 28 U.S.C. § 1915(e)(2)(A), or the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  Additionally, the Court must read Plaintiff's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972); see also Miller v. Stanmore, 636 F.2d 986, 988 (5th Cir. 1981).

"A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.) (citing Battle v. Central State Hospital, 898 F.2d 126, 129 (11th Cir. 1990)), cert. denied, 534 U.S. 1044 (2001).  A complaint which fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous.  Neitzke v. Williams, 490 U.S. 319, 328 (1989).  Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992).  Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success.  Bilal v. Driver, 251 F.3d at 1349.

In any § 1983 action, the initial inquiry must focus on whether the two essential elements to a § 1983 action are present:

> (1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct

- 2 -

> deprived a person of rights, privileges or
> immunities guaranteed under the Constitution
> or laws of the United States. <u>Parratt v.
> Taylor</u>, 451 U.S. 527, 535, 101 S.Ct. 1908,
> 1912-13, 68 L.Ed.2d 420 (1981), <u>overruled on
> other grounds by</u>, <u>Daniels v. Williams</u>, 474
> U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662
> (1986); <u>Burch v. Apalachee Community Mental
> Health Services, Inc.</u>, 840 F.2d 797, 800 (11th
> Cir. 1988), <u>aff'd by</u>, <u>Zinermon v. Burch</u>, 494
> U.S. 113, 110 S.Ct. 975, 108 L.Ed.2d 100
> (1990).

<u>Duke v. Massey</u>, 87 F.3d 1226, 1231 (11th Cir.), <u>reh'g and suggestion for reh'g en banc denied</u>, 98 F.3d 1355 (11th Cir. 1996); <u>Hale v. Tallapoosa County</u>, 50 F.3d 1579 (11th Cir. 1995).

As noted previously, Plaintiff names the State of Florida, Department of Corrections, as the Defendant in this action. However, this Defendant is not considered to be a "person" for purposes of § 1983.

> A state is not considered a "person"
> subject to suit for money damages under §
> 1983. <u>Will v. Michigan Department of State
> Police</u>, 491 U.S. 58, 71, 109 S.Ct. 2304, 2312,
> 105 L.Ed.2d 45 (1989)("neither a state nor its
> officials acting in their official capacities
> are 'persons' under § 1983"). A suit against
> a state department "is no different from a
> suit against the State itself." <u>Id</u>.
> Accordingly, plaintiff's § 1983 claim against
> the [Florida] Department of Corrections is due
> to be dismissed.

<u>Greffey v. State of Ala. Dept. of Corrections</u>, 996 F.Supp. 1368, 1377 (N.D. Ala. 1998).

Additionally, the Defendant is entitled to Eleventh Amendment Immunity. In <u>Zatler v. Wainwright</u>, 802 F.2d 397, 400 (11th Cir. 1986) (per curium), the Eleventh Circuit noted:

> It is clear that Congress did not intend to abrogate a state's eleventh amendment immunity in section 1983 damage suits. <u>Quern v. Jordan</u>, 440 U.S. 332, 340-45, 99 S.Ct. 1139, 1144-45, 59 L.Ed.2d 358 (1979). Furthermore, after reviewing specific provisions of the Florida statutes, we recently concluded that Florida's limited waiver of sovereign immunity was not intended to encompass section 1983 suits for damages. <u>See</u> <u>Gamble</u>, 779 F.2d at 1513-20.

Thus, insofar as Plaintiff seeks monetary damages from the Defendant, the Eleventh Amendment clearly bars suit.

Furthermore, to the extent that Plaintiff seeks the expungement of the disciplinary report from his record, the restoration of his forfeited gain-time, and any damages based upon the allegedly false disciplinary report, he has failed to state a claim upon which relief may be granted at this time because his § 1983 claim concerning the disciplinary report has not yet accrued. As explained by the United States Supreme Court:

> In <u>Heck v. Humphrey</u>, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), we held that where success in a prisoner's § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence. Accordingly, in <u>Edwards v. Balisok</u>, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997),

- 4 -

> we applied <u>Heck</u> in the circumstances of a §
> 1983 action claiming damages and equitable
> relief for a procedural defect in a prison's
> administrative process, where the
> administrative action taken against the
> plaintiff could affect credits toward release
> based on good-time served.  In each instance,
> conditioning the right to bring a § 1983
> action on a favorable result in state
> litigation or federal habeas served the
> practical objective of preserving limitations
> on the availability of habeas remedies.

<u>Muhammad v. Close</u>, 540 U.S. 749, 751 (2004) (per curiam).

Here, Plaintiff contends that the possession of weapons charge was fabricated "as a reprisal against [him] for filing grievances against officers and staff[.]"  Complaint at 7.  If proven, these allegations would necessarily imply the invalidity of his disciplinary report; however, Plaintiff has not alleged the reversal of the disciplinary report at issue or presented documents which reflect that he has caused the disciplinary proceeding to be set aside through the administrative, state or federal remedies available to him.

Unless and until the disciplinary report has been overturned, Plaintiff has no claim for money damages with respect to his disciplinary report for possession of a weapon.  Furthermore, any request for injunctive relief that would necessarily imply the invalidity of the disciplinary proceeding is not cognizable.

Finally, the Court notes that the PLRA amended The Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997e to read as follows:

>          (a) Applicability of Administrative Remedies. No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

Here, Plaintiff was instructed to attach copies of all grievances he submitted with respect to his claims to verify the exhaustion requirement.  He was informed that his failure to do so may be grounds for dismissal.  <u>See</u> Complaint at 3.  Nevertheless, Plaintiff failed to submit any copies of grievances to verify exhaustion.

Thus, for all of the above-stated reasons, this case will be dismissed without prejudice.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.    This case is hereby **DISMISSED** without prejudice.

2.    The Clerk of the Court shall enter judgment dismissing the case without prejudice.

3.    The Clerk of the Court shall close this case.

- 6 -

**DONE AND ORDERED** at Jacksonville, Florida, this 28th day of July, 2005.

JOHN H. MOORE II
United States District Judge

ps 7/27
c:
Ray James